## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHANIE YVONNE THUMBTZEN,

     Plainitff,

vs.                                                   CASE NO.: _____

NINTENDO OF AMERICA, INC., UBISOFT, INC.,
TRIUMPH INTERNATIONAL, SONY USA,
MICROSOFT, MIJAK COMPANY, THE
ESTATE OF MICHAEL JACKSON,
OPTIMUM PRODUCTIONS, and JOHN
and/or JANE DOE CORPORATIONS, 1-5,

     Defendants.

_____/

### NOTICE OF REMOVAL

Defendant, Ubisoft, Inc. ("Ubisoft"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of a matter pending before the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division and states as follows:

### PROCEDURAL BACKGROUND

1.     On April 10, 2015, Plaintiff, Stephanie Y. Thumbtzen ("Plaintiff") commenced the action entitled *Stephanie Yvonne Thumbtzen v. Nintendo of America Inc., et al.*, docketed as case number 15-002288-CI, currently pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (the "State Action"). Ubisoft was not served with the Complaint.

2.     The original Complaint was subsequently amended by Plaintiff on May 26, 2015 ("Amended Complaint"). The Amended Complaint alleges that Ubisoft is

misusing "Plaintiff's image, likeness and persona in connection with the marketing and sales of certain video games." Amended Complaint at ¶ 2.

3.      Ubisoft was served with a Summons and copy of the Amended Complaint on July 7, 2015. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of the purported proper service of the Summons and Amended Complaint on Ubisoft.

4.      Pursuant to 28 U.S.C. §1446 and Local Rule 4.02, true and correct copies of all process, pleadings, and orders served upon Ubisoft in connection with the State Action are attached collectively hereto as Exhibit "A."

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's State Court Amended Complaint against Ubisoft under 28 U.S.C. §§ 1331, 1332(a)(1), and 1367; 15 U.S.C. § 1121.

6.      This case is subject to removal pursuant to 28 U.S.C. § 1441.

7.      Venue is proper pursuant to ¶ 4 of the Amended Complaint, which alleges that Plaintiff resides in Pinellas County, Florida, and the damages alleged by Plaintiff were suffered in Pinellas County, Florida, which lies within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

8.      Ubisoft will promptly serve notice of the filing of this removal to all parties of record in the State Action and will file a copy of the Notice of Removal with the Clerk of Court for the Sixth Judicial Circuit in and for Pinellas County, Florida.

## BASIS FOR REMOVAL JURISDICTION

9.      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10.     This Court has removal jurisdiction over the Amended Complaint under 28 U.S.C. § 1441(b) and (c) due to the diversity of citizenship of the parties and because the third count of the Amended Complaint is based on federal statutes, specifically, the Lanham Act.

**BASIS FOR FEDERAL JURISDICTION**

FEDERAL QUESTION JURISDICTION

11.     This Court has original jurisdiction over the allegations of Plaintiff's Amended Complaint pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1441 because the third count of the Amended Complaint arises out of a federal statute, 15 U.S.C. § 1125, the Lanham Act. 15 U.S.C. § 1121(a) provides that "[t]he district and territorial courts of the United States shall have original jurisdiction...of all actions arising under [the Lanham Act], without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties." *See also Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 838 (11th Cir. 1983)("Jurisdiction of ... Lanham Act claim[s] is conferred by the Lanham Act itself.").

12.     The remainder of the counts in the Amended Complaint purport to state claims under various provisions of Florida law. All of the remaining counts arise from the same nucleus of fact as the federal question count. All of the state law counts adopt the entirety of the "Factual Allegations" which state the operative facts and form the basis of the Lanham Act count. Thus, this Court has subject matter jurisdiction over the remaining counts in the Amended Complaint pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367.

## DIVERSITY JURISDICTION

13.     Removal is also proper pursuant to 28 U.S.C. § 1332 based on the parties' diversity of citizenship.

14.     28 U.S.C. § 1332 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

15.     28 U.S.C. § 1332(c)(1) provides that a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.

16.     The principal place of business, for purposes of the principle that a corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business, is determined by the "nerve center test."   28 U.S.C. § 1332(c)(1); *Leon v. First Liberty Ins. Corp.*, 903 F. Supp. 2d 1319, 1322 (M.D. Fla. 2012). The "nerve center test" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Id.* (*citing Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).   The nerve center is normally the headquarters, provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings. *Id.* Usually, the headquarters is a single place that the public considers the corporation's main place of business. *Id.*

17.     Ubisoft's "nerve center" is in San Francisco, California.   Ubisoft's headquarters are located in San Francisco, California and California contains a "substantial predominance" of Ubisoft's corporate activities.   Ubisoft's principal executive and administrative functions are primarily carried out in California, and its

4

principal executives and management staff are located in California.  Ubisoft's corporate decisions are made in California, and its corporate records are kept in California, and Ubisoft's headquarters are located in San Francisco, California.  Ubisoft does not have any office locations in Florida.  While Ubisoft sells its products across the country, it does not carry out a majority of its operations in any state outside of California.  It is therefore a citizen of California under the "nerve center test."

18.     In the instant case, Plaintiff is a resident of Safety Harbor, Pinellas County, Florida, while Ubisoft is a corporation organized under the laws of the State of California with its principal place of business in San Francisco, California.  Accordingly, this Court has jurisdiction over the Amended Complaint based on the diversity citizenship of the parties.

19.     While the Amended Complaint names "John and/or Jane Doe Corporations, 1-5" as defendants, "Doe" defendants are disregarded for purposes of the diversity inquiry in the context of removal.  *See* 28 U.S.C. § 1441(b) ("the citizenship of defendants sued under fictitious names shall be disregarded")[1].

---

[1] It should also be noted that the Original Complaint included a number of corporations as named Defendants, those Defendants are still included in the caption of the Amended Complaint as a matter of procedure and while the introductory paragraph of the Amended Complaint still contains the names of those corporations, there are no allegations against those defendants in the Amended Complaint and any reference to those defendants which were originally included in the Original Complaint at ¶¶ 3, 5, 6, 7, 8, 9, and 10 have been removed and deleted from the Amended Complaint, therefore, the citizenships of those dropped defendants should be disregarded when determining whether removal is appropriate based on diversity jurisdiction. Moreover, because, on information and belief, none of those defendants have been served in the State Action, the citizenship of those defendants is properly disregarded. *See* 28 U.S.C. § 1441(b)(2)("[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added)).

20.    Therefore, because diversity citizenship exists between Plaintiff and the served Defendant, Ubisoft, removal based on diversity jurisdiction is proper.

21.    Finally, the amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Amended Complaint that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, where Plaintiff seeks permanent injunctive relief, the disgorgement of profits related to the Michael Jackson: The Experience game, treble damages, punitive damages and attorneys' fees.[2]

---

[2]  "Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (U.S. 2014).  Pursuant to 28 U.S.C. § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by 28 U.S.C. § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.  *Id.*

Prior to *Dart*, the Eleventh Circuit did not permit a defendant to remove by simply asserting a plausible allegation that the amount in controversy exceeded $75,000.00.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001)("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion is insufficient to meet the defendant's burden").  However, the *Dart* standard now permits Ubisoft to remove by filing a notice that simply asserts a "plausible allegation" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   Then, only if challenged, *Dart* holds that the proper procedure is that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S.Ct. at 554.

## CONCLUSION

Pursuant to 28 U.S.C. § 1441, Defendant, Ubisoft, Inc., hereby removes the above-captioned State Court Action from the Circuit Court in and for Pinellas County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Dated:  July 27, 2015.                                Respectfully submitted,


                                                      Ronald H. Trybus, Esq.
                                                      Florida Bar No. 367958
                                                      rtrybus@kasslaw.com
                                                      Erin M. Bradford. Esq.
                                                      Florida Bar No. 91325
                                                      ebradford@kasslaw.com
                                                      KASS SHULER, P.A.
                                                      1505 N. Florida Avenue
                                                      Tampa, Florida  33602
                                                      Tel:  (813) 229-0900
                                                      Fax:  (813) 229-3323
                                                      Attorneys for Defendant
                                                      UBISOFT, INC.

## CERTIFICATE OF SERVICE

I certify that on July 27, 2015, the foregoing document was submitted for filing to the United States District Court, Clerk of Court, Middle District, Tampa Division, and a true and correct copy of the foregoing was furnished via electronic mail to asg@asgaineslaw.com and arngai@aol.com; and via U.S. Mail to Arnold S. Gaines, Esq., Law Offices of Arnold S. Gaines, Post Office Box 37, Fort Pierce, Florida 34954-0037.

Ronald H. Trybus, Esq.
Florida Bar No. 367958
rtrybus@kasslaw.com