Case Number:15-002288-CI

Filing # 25944146 E-Filed 04/10/2015 12:24:48 PM

IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT IN
AND FOR PINELLAS COUNTY, FLORIDA

CASE NO.

STEPHANIE Y. THUMBTZEN

    Plaintiff,

vs.

NINTENDO OF AMERICA INC., UBISOFT INC.,
TRIUMPH INTERNATIONAL, SONY USA,
MICROSOFT, MIJAK COMPANY, THE
ESTATE OF MICHAEL JACKSON,
OPTIMUM PRODUCTIONS and JOHN
and/or JANE DOE CORPORATIONS.

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

**COMES NOW**, Plaintiff, **STEPHANIE Y. THUMBTZEN** ("Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint and sues, NINTENDO OF AMERICA INC., UBISOFT INC., TRIUMPH INTERNATIONAL, SONY USA, MICROSOFT, MIJAK COMPANY, THE ESTATE OF MICHAEL JACKSON, OPTIMUM PRODUCTIONS and JOHN and/or JANE DOE CORPORATIONS, ("Defendants") and in support thereof states as follows:

I.

**PARTIES, JURISDICTION, AND VENUE**

***ELECTRONICALLY FILED 4/10/2015 12:24:45 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

1. This is an action for damages arising out of violations of State and Federal law claims and torts detailed below in an amount greater than $15,000.00.

2. Plaintiff, Stephanie Yvonne pka "Tatiana" Thumbtzen at all material times was over the age of 18 and is resident of Safety Harbor, Pinellas County, Florida.

3. Defendant, Nintendo of America Inc., is a video game company doing business all over the world, including Pinellas County, Florida. The company's business headquarters is located in Redmond, Washington.

4. Defendant, Ubisoft Inc., is a company doing business as Ubisoft Entertainment in the production, distribution, and development of video games all over the world, including but not limited to Pinellas County, Florida. The company's headquarters is located in San Francisco, California.

5. Defendant, Triumph International, is the Estate of Michael Jackson's wholly-owned merchandise licensing company, doing business all over the world, including but not limited to Pinellas County, Florida.

6. Defendant, Sony USA is a major company specializing in music and electronics. Sony Computer Entertainment America is responsible for the PlayStation video games operating from all over the world including but not limited to Pinellas, County Florida. The company's headquarters is located in San Mateo, California.

7. Defendant, Microsoft is a major company specializing in computers, computers programs and video games (XBOX), all over the world including but not limited to Pinellas, County Florida. The company's headquarters is located in Redman. Washington.

8. Defendant, Mijak Company is a company owned by the Estate of Michael Jackson being operated by attorneys and is located in the State of California.

9. Defendant, Estate of Michael Jackson is being controlled by attorneys who in their capacity are operating on behalf of the Late Michael Jackson in the State of California as it pertains to income bearing projects.

10. Defendant, Optimum Productions is a video production company located in Atlanta, Georgia.

11. Defendants, John and/or Jane Doe Corporations are undetermined at the time.

12. The claims herein are brought against the Defendants, jointly and severally for all damages, including but not limited to money damages as compensation for monetary damages suffered due to violations of Plaintiff's Right of Publicity and any and all damages this court may determine.

13. Plaintiff injuries were caused by the negligent, intentional and wrongful acts and omissions of all of the Defendants while Defendants were acting within the scope of their offices and/or employment.

14. The acts or omissions which give rise to Plaintiff's injuries occurred in Pinellas County, Florida.

15. Jurisdiction arises under § 48.193(2), Fla. Stat. (2011). This statutes holds a defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

16. Jurisdiction also arises under Florida Statute §685.102.

## II.
## FACTUAL ALLEGATIONS

17. Paragraphs 1 through 16 are incorporated as though fully stated herein.

18. In or about September 1987, Plaintiff agreed to dance on a Michael Jackson video titled "The Way You Make Me Feel".

19. In or about November 2014, a friend of Plaintiff's informed her there was video game titled, "Michael Jackson: The Experience" and that the Plaintiff was in the game.

20. Plaintiff had no knowledge that this game was being sold with her likeness on it.

21. Plaintiff never signed any agreements giving Defendants permission to use her likeness in any video game, including the one titled, "**Michael Jackson: The Experience**"

22. Plaintiff never received an agreement from Defendants, never negotiated an agreement with Defendants and/or payment for the use of her likeness on this video game.

23. Defendants knew or should have known that Plaintiff never signed any agreement to allow her likeness to appear in the video game, "**Michael Jackson: The Experience**".

24. Defendants had a duty to protect the Plaintiff's privacy and the unauthorized use of her likeness.

25. Defendants willfully and malicious failed to protect Plaintiff's privacy and the unauthorized use of her likeness in the video game "**Michael Jackson: The Experience**".

26. As a result of Defendants actions, Plaintiff has suffered financial and emotional harm. The harm is permanent and Plaintiff will continue to suffer in the future.

### III.
### FIRST CLAIM – VIOLATION OF F.S. §540.08

27. Plaintiff incorporates 1 through 26 by reference herein all allegations set forth above.

28. The acts and events set forth above constitute a violation of the "Unauthorized Publication" of the Name and/or Likeness of Plaintiff and the Invasion of Privacy-Appropriation rules and regulations under the laws of the State of Florida which state "No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by: (a) such person; or (b) Any other person, firm or corporation authorized in writing by such person to license the commercial use of her name or likeness; or (c) If such person is deceased, any person, firm or corporation authorized in writing to license the commercial use of her likeness, or if no person, firm or corporation is so authorized, then by any one from among a class composed of her or his surviving spouse and surviving children".

29. Because the consent required by this statute was not obtained, Plaintiff may bring this action to enjoin such unauthorized publication, printing, display or other public use and recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty and punitive or exemplary damages;

30. Since these acts and events were undertaken and caused by employees and agents of the Defendants jointly and severally, all of the Defendants are liable for all damages caused by such acts, as provided by **§9:70.1 Florida Statutes.**

IV
SECOND CLAIM- LANHAM ACT

31. Plaintiff incorporates 1 through 27 by reference herein all allegations set forth above.

32. By reasons of the forgoing, Plaintiff herby asserts a claim against the Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1125(a) with respect to the Defendants unauthorized use of Plaintiff's likeness in the video game, "Michael Jackson: The Experience".

## V
## THIRD CLAIM-
## VIOLATION OF FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT
## FLA. STAT. § 501.021

33. Plaintiff incorporates 1 through 26 by reference herein all allegations set forth above.

34. Defendants knowingly used the unauthorized likeness of the Plaintiff in the video game, "Michael Jackson: The Experience".

35. Defendants have engaged in deceptive and unfair trade practices in violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-201.213.

36. As a direct and proximate result of Defendants' deceptive and unfair trade practices, Plaintiff has been damaged in an amount to be determined at trial.

37. Plaintiff will continue to suffer irreparable injury unless Defendants are permanently enjoined by this Court.

## VI
## DAMAGES

38. Plaintiff has suffered the following injuries for which she seeks full compensation under the law:

a. Costs incurred in filing and prosecution of this matter;

b. Damages incurred as a result of the unauthorized Publication of Name or Likeness, including but not limited to punitive or exemplary damages; and

c. Pain and suffering.

WHEREFORE, Plaintiff, **STEPHANIE Y. THUMBTZEN** prays for judgment against all Defendants for compensatory, punitive damages (where applicable), injunctive relief, costs, attorney fees, trial by a jury to all issues and all other relief as this Court may deem just and proper.

DATED: April 10, 2015

            Law Offices of Arnold S. Gaines

            */s/ Arnold S. Gaines*
            Florida Bar No.: 0670928
            P.O. Box 37
            Fort Pierce, Florida
            Telephone: (772) 214-2512
            Facsimile: (772) 467-9160
            asg@asgaineslaw.com
            arngai@aol.com
            Attorney for Plaintiff

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

**I.  CASE STYLE**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT,
IN AND FOR PINELLAS COUNTY, FLORIDA

Case No.: _____
Judge: _____

Stephanie Y Thumbtzen
Plaintiff
     vs.
Nintendo of America Inc, Ubisoft Inc
Defendant

**II.  TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☒ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
    - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**III.** **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

<u>3</u>

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Arnold S Gaines</u>    FL Bar No.: <u>00670928</u>
       Attorney or party                                              (Bar number, if attorney)

<u>Arnold S Gaines</u>    <u>04/10/2015</u>
    (Type or print name)                                              Date

Filing # 28471356 E-Filed 06/15/2015 10:57:47 AM

IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT IN
AND FOR PINELLAS COUNTY, FLORIDA

STEPHANIE YVONNE THUMBTZEN

    Plaintiff,

CASE NO. 15-002288-CI

vs.

NINTENDO OF AMERICA INC., UBISOFT INC.,
TRIUMPH INTERNATIONAL, SONY USA,
MICROSOFT, MIJAK COMPANY, THE
ESTATE OF MICHAEL JACKSON,
OPTIMUM PRODUCTIONS and JOHN
and/or JANE DOE CORPORATIONS, 1-5,

    Defendants,
_____/

AMENDED

SUMMONS

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named Defendant(s):

    UBISOFT INC.
    625 Third Street
    San Francisco, CA.

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: 1800-66th Street N., Saint Petersburg, FL 33710. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.

***ELECTRONICALLY FILED 6/15/2015 2:10:41 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

- If you choose to file a written response yourself, at the same time you file your written response to the court you also must mail or take a copy of your written response to the party serving this summons:

    Arnold S. Gaines, Esq.
    Law Offices of A. Gaines, LLC
    P.O. Box 37
    Fort Pierce, FL 34954

Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, on request.

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

By: _____Eva Glasco_____
Deputy Clerk

Dated: JUN 16 2015