## IN THE CIRCUIT COURT OF THE
## SIXTH JUDICIAL CIRCUIT IN
## AND FOR PINELLAS COUNTY, FLORIDA

STEPHANIE YVONNE THUMBTZEN

       Plaintiff,

                           **CASE NO. 15-002288-CI**

vs.

NINTENDO OF AMERICA INC., UBISOFT INC.,
TRIUMPH INTERNATIONAL, SONY USA,
MICROSOFT, MIJAK COMPANY, THE
ESTATE OF MICHAEL JACKSON,
OPTIMUM PRODUCTIONS and JOHN
and/or JANE DOE CORPORATIONS, 1-5.

       Defendants.

_____/

## AMENDED COMPLAINT FOR DAMAGES

       COMES NOW, Plaintiff, **STEPHANIE YVONNE THUMBTZEN**

("Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint

and sues, NINTENDO OF AMERICA INC., UBISOFT INC., TRIUMPH

INTERNATIONAL, SONY USA, MICROSOFT, MIJAK COMPANY, THE ESTATE

OF MICHAEL JACKSON, OPTIMUM PRODUCTIONS and JOHN and/or JANE DOE

CORPORATIONS, ("Defendants") and in support thereof states as follows:

1

## I.

## INTRODUCTION

1.    This action arises from Ubisoft's willful infringement of Plaintiff's rights in her image and likeness through its marketing and selling a certain video game using Plaintiff's image and likeness without Plaintiff's consent. Ubisoft's conduct constitutes a violation of Plaintiff's right of publicity under F.S. §540.08 and Florida common law, Florida Deceptive & Unfair Trade Practices Act Fla. Stat. § 501.021 and false endorsement and unfair competition under 15 U.S.C. § 1125(a).

2.    Ubisoft's misuse of Plaintiff's image, likeness and persona in connection with the marketing and sales of certain video games is willful, oppressive, constitutes "unjust enrichment, and is malicious, and is intended to cause confusion about the endorsement or sponsorship of the product. To halt Ubisoft's infringing acts and compensate Plaintiff for the ongoing harm that Ubisoft is intentionally causing, Plaintiff is entitled to injunctive relief and profits, actual and /or statutory damages, treble damages, punitive damages and attorneys' fees in this exceptional case.

## II.

## PARTIES, JURISDICTION, AND VENUE

3.    This is an action for damages arising out of violations of State and Federal law claims and torts detailed below in an amount greater than $15,000.00.

4.    Plaintiff, Stephanie Yvonne pka "Tatiana" Thumbtzen at all material times was over the age of 18 and is a resident of Safety Harbor, Pinellas County, Florida.

2

5.    Defendant, Ubisoft Inc., is a company doing business as Ubisoft Entertainment in the production, distribution, and development of video games all over the world, including but not limited to Pinellas County, Florida. Upon information and belief, the company's headquarters is located in San Francisco, California.

6.    Defendants, John and/or Jane Doe Corporations, 1-5, are undetermined at the time.

7.    The claims herein are brought against the Defendants, jointly and severally for all damages, including but not limited to money damages as compensation for monetary damages suffered due to violations of Plaintiff's Right of Publicity, and as a result of unjust enrichment, and any and all damages this court may deem necessary and proper.

8.    Plaintiff' injuries were caused by the negligent, intentional and wrongful acts and omissions of all of the Defendants while all Defendants were acting within the scope of their offices and/or employment.

9.    The acts and/or omissions which give rise to Plaintiff's injuries occurred in Pinellas County, Florida.

10.    Jurisdiction arises under § 48.193(2), Fla. Stat. (2011). This statute holds a defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

11.    Jurisdiction also arises under Florida Statute §685.102.

**II.**
**FACTUAL ALLEGATIONS**

12.    Paragraphs 1 through 11 are incorporated as though fully stated herein.

**A. Ms. Thumbtzen History**

3

13.     In or about September 1987, Plaintiff was selected to appear in a music video alongside internationally renowned pop music star Michael Jackson titled "The Way You Make Me Feel".

14.     In the music video, Plaintiff portrays a beautiful young woman with striking curly long hair, who is the object of Mr. Jackson's desire.   The video became one of Mr. Jackson's most successful videos and thrust Plaintiff into the international spotlight, while attracting thousands of followers on many social media outlets including but not limited to, Facebook, Twitter and Instagram.

15.     In addition to her very own fans, Ms. Thumbtzen is recognized by Michael Jackson's fans and others the world over for her performance in the video and she is identified by her little black dress, and her, exotic ethnic features including her curly black hair and olive skin.

16.     The song "The Way You Make Me Feel" sold over ten million copies since its release in 1988 and the video is world famous and still being sold around the world.

### B.  Ubisoft's Unauthorized Use of Ms. Thumbtzen's Image and Likeness

17.     Ubisoft is a full service publisher and distributor of video games for the world market and delivers premier, cross-generational console and digital titles that span the genre spectrum.

18.     Upon information and belief, on or about April 12, 2011, Ubisoft released a version of a video game entitled MICHAEL JACKSON The Experience (the "MJ Video Game") for various systems and markets including but not limited to versions for PS3[20], Playstation[20] Vita,  PSP[20] system, Nintendo DS[20] Wii[20], Nintendo 3DS[20], iOS based devices, and Xbox 360[20].

4

19.   Plaintiff learned of the existence of the MJ Video Game and learned that her photograph was used in the game and that she appeared in the game as a game character.

20.   The MJ Video Game is an interactive movement based game featuring several of Michael Jackson's biggest hit songs. The game allows users to control game characters ("avatars") and cause the avatars to mimic Michael Jackson's dance moves.

21.   The MJ Video Game features Ms. Thumbtzen's image and likeness in the following ways, among others:

    i.    The game depicts a well-known still photograph of Ms. Thumbtzen's face as depicted below:



    ii.    The game features an avatar that mirrors Ms. Thumbtzen likeness and persona, including her signature little black dress and her exotic ethnic features including her olive skin and her curly black hair, in the context for which she is best known — namely, as a dancer alongside Michael Jackson in the recreation of "The Way You Make Me Feel" dance sequence. A screen shot of a scene from "The Way You Make Me Feel" dance sequence is depicted below:

5



iii.    The game displays a silhouette of Ms. Thumbtzen face to face with

Michael Jackson which mimics a well-recognized scene from the original

"The Way You Make Me Feel" video.  A screen shot of the silhouette is

depicted below:



22.    Upon information and belief, Ubisoft uploaded one or more video game trailer

advertisements to the Internet that depict Plaintiff's likeness in the form of her avatar.

6

23.    Upon information and belief, since the various versions of the infringing the MJ
Video Game was sold by major U.S. retailers including but not limited to, Best Buy,
Wal-Mart, Target, Toys R Us, K-mart, GameStop and others.

24.    Ubisoft has used and continues to use Ms. Thumbtzen's image and likeness in
connection with and for the purpose of promoting, advertising, offering for sale and
selling the MJ Video Game.

25.    Ubisoft's use of Ms. Thumbtzen's image and likeness in connection with
advertising and selling the MJ Video Game was and is intended to deceive consumers
and to cause consumer confusion and mistake as to the affiliation, connection, or
association of Ms. Thumbtzen with the MJ Video Game, and as to the origin,
sponsorship, or approval of the MJ Video Game by Ms. Thumbtzen.

26.    Prior to November 2014, Plaintiff had no knowledge that the MJ Video Game was
being sold with her likeness on it.

27.    Plaintiff never signed any agreements giving Defendants permission to use her
likeness in any video game, including the MJ Video Game.

28.    Plaintiff never received an agreement from Defendants, never negotiated an
agreement with Defendants and/or received payment for the use of her likeness on the MJ
Video Game.

29.    Defendants knew or should have known that Plaintiff never signed any agreement
to allow her likeness to appear in the MJ Video Game.

30.    Defendants had a duty to protect the Plaintiff's privacy and the unauthorized use
of her likeness.

31.   Defendants willfully and maliciously failed to protect Plaintiff's privacy and the unauthorized use of her likeness in the MJ Video Game.

32.   As a result of Defendants' actions, Plaintiff has suffered financial and emotional harm. The harm is permanent and Plaintiff will continue to suffer in the future.

### III
### FIRST CLAIM – VIOLATION OF F.S. §540.08

33.   Plaintiff incorporates 1 through 32 by reference herein all allegations set forth above.

34.   The acts and events set forth above constitute a violation of the "Unauthorized Publication" of the Name and/or Likeness of Plaintiff and the Invasion of Privacy-Appropriation rules and regulations under the laws of the State of Florida which state "No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by: (a) such person; or (b) Any other person, firm or corporation authorized in writing by such person to license the commercial use of her name or likeness; or (c) If such person is deceased, any person, firm or corporation authorized in writing to license the commercial use of her likeness, or if no person, firm or corporation is so authorized, then by any one from among a class composed of her or his surviving spouse and surviving children".

35.   Because the consent required by this statute was not obtained, Plaintiff may bring this action to enjoin such unauthorized publication, printing, display or other public use and recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty and punitive or exemplary damages;

8.

36.     Since these acts and events were undertaken and caused by employees and agents of the Defendants jointly and severally, all of the Defendants are liable for all damages caused by such acts, as provided by §9:70.1 **Florida Statutes**.

### IV
### SECOND CLAIM -- COMMON LAW RIGHT OF PUBLICITY

37.     Plaintiff incorporates paragraphs 1 through 36 by reference herein all allegations set forth above.

38.     Defendants knowingly and willfully used Plaintiff's image and likeness for purposes of advertising or selling, or soliciting sales and ultimately leading to purchases of, the MJ Video Game.

39.     Defendants did not obtain Plaintiff's consent, written or otherwise, to use Plaintiff's name and likeness in any manner.

40.     As a direct and proximate result of Defendant's acts, Plaintiff has been damaged and suffered harm, including · injury to the value of her image and likeness and Defendants have been unjustly enriched.

41.     The above-identified acts of Ubisoft violate Plaintiff's common law right to prohibit unauthorized use of her likeness, image and persona.

### V
### THIRD CLAIM- LANHAM ACT
### (False Endorsement)

42.     Plaintiff incorporates · 1 through 41 by reference herein all allegations set forth above.

43.     Ubisoft has deliberately and willfully used and continues to use, in commerce, Plaintiff's image and ·likeness in connection with the MJ Video Game, a commercial product, without Plaintiff's consent.

9

44.    Ubisoft's use of Plaintiff's image and likeness in connection with the MJ Video Game constitutes a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Plaintiff with the MJ Video Game or with Ubisoft, or as to the origin, sponsorship, or approval by Plaintiff of Ubisoft's goods, services, or commercial activities, including advertising and sale of the MJ Video Game.

45.    As a direct and proximate result of the Ubisoft's acts alleged herein, Plaintiff has been damaged and suffered harm and Defendants have been unjustly enriched.

46.    By reasons of the forgoing, Plaintiff hereby asserts a claim against the Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1125(a) with respect to the Defendants unauthorized use of Plaintiff's likeness in the MJ Video Game.

47.    Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Ubisoft. Accordingly, Plaintiff is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116.

48.    On information and belief, Ubisoft's acts are willful and malicious, and intended to injure and cause harm to Plaintiff.

49.    By reason of Ubisoft's acts alleged herein, Plaintiff is entitled to recover Ubisoft's profits, treble damages and the costs of this action under 15 U.S.C. § 1117. This is an exceptional case also making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

10

## VI
### FOURTH CLAIM-
### VIOLATION OF FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT
### FLA. STAT. § 501.021

50.    Plaintiff incorporates 1 through 49 by reference herein all allegations set forth above.

51.    Defendants knowingly used the unauthorized likeness of the Plaintiff in the MJ Video Game.

52.    Defendants have deceived and confused the public into believing that Plaintiff authorized the use of her likeness in connection with the MJ Video Game.

53.    Defendants have engaged in deceptive and unfair trade practices in violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-201.213.

54.    As a direct and proximate result of Defendants' deceptive and unfair trade practices, Plaintiff has been damaged in an amount to be determined at trial.

55.    Plaintiff will continue to suffer irreparable injuries unless Defendants are permanently enjoined by this Court.

## VII
### DAMAGES

56.    Plaintiff incorporates 1 through 55 by reference herein all allegations set forth above.

57.    Plaintiff has suffered the following injuries for which she seeks full compensation under the law:

a.    Attorney's fees and costs incurred in filing and prosecuting this matter;

11

b.   Damages incurred as a result of the unauthorized Publication of Name or Likeness, including but not limited to unjust enrichment, punitive or exemplary damages; and

c.   Pain and suffering.

WHEREFORE, Plaintiff, **STEPHANIE YVONNE THUMBTZEN** prays for judgment against all Defendants for compensatory, punitive damages (where applicable), injunctive relief, costs, attorney fees, trial by a jury to all issues and all other relief as this Court may deem necessary, just and proper.

DATED: May 26, 2015,

Respectfully Submitted,

**By: The Law Offices of A. Gaines, LLC**

*/s/ Arnold S. Gaines*
Florida Bar No.: 0670928
P.O. Box 37
Fort Pierce, Florida 34950
Telephone: (772) 214-2512
Facsimile: (772) 467-9160
asg@asgaineslaw.com
arngai@aol.com
Attorney for Plaintiff

